IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY HUA, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 14-7821 (JBS/AMD) |
| PHH MORTGAGE and PHELAN HALLINAN & DIAMOND | OPINION |
| Defendants. | |

APPEARANCES:

Ms. Tracy Hua
6 Jewel Road
West Windsor, NJ 08550
    Pro Se

Daniel J.T. McKenna, Esq.
BALLARD SPAHR, LLP
210 Lake East Drive, Suite 200
Cherry Hill, NJ 08002
Attorney for Defendant PHH Mortgage

Vladimir Velasco Palma, Esq.
PHELAN HALLINAN & SCHMIEG PC
400 Fellowship Road, Suite 1100
Mt. Laurel, NJ 08054
Attorney for Defendant Phelan Hallinan & Diamond

**SIMANDLE**, Chief Judge:

## I.    INTRODUCTION

After Plaintiff Tracy Hua defaulted in May of 2011 on three

loans secured against three properties she owned in New Jersey,

Defendant PHH Mortgage ("PHH"), through its counsel, Phelan

Hallinan & Diamond, also known as Phelan Hallinan Diamond &

Jones, PC ("PHDJ"), initiated foreclosure actions in state court

against each property. Plaintiff contested each foreclosure,

alleging that PHH was not the owner of the mortgage and lacked

standing to foreclose. The court, however, granted summary judgment in favor of PHH in each case, finding that PHH was entitled to the amount claimed and had the right to foreclose on the mortgage. Plaintiff, who is pro se, now brings this suit against PHH Mortgage and its counsel, PHJD, alleging that Defendants attempted to collect debt in a deceptive and abusive manner and without legitimate cause, in violation of various provisions of the Fair Debt Collection Practices Act.

Presently before the Court are Motions to Dismiss by Phelan Hallinan & Diamond [Docket Item 12] and PHH Mortgage [Docket Item 13], and Plaintiff's Motion to Amend her Complaint. Because Plaintiff's FDCPA claims are barred by the statute of limitations and New Jersey's entire controversy doctrine, and amendment would be futile, the Court will grant Defendants' motions and deny Plaintiff's Motion to Amend.

## II.  BACKGROUND

### A.  Background[1]

In July and December of 2003, Plaintiff Tracy Hua and Chi Hung Mu, who is not named as a plaintiff in this action, executed

---

[1] The facts alleged are drawn from Plaintiff's Amended Complaint, from public court documents, and from undisputedly authentic documents upon which Plaintiff explicitly relies in her Complaint. See In re Rockefeller Ctr. Props., Inc., Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). Because Plaintiff's Complaint is predicated upon the mortgage documents, correspondence between Defendants and Plaintiff regarding the mortgage, and the foreclosure actions in state court, documents related to these matters submitted by both Plaintiff and Defendants will be considered in connection with the pending motions to dismiss. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). For purposes of these motions, the Court must accept Plaintiffs' allegations as true.

mortgages on three properties in Trenton, New Jersey: the first, located at 60 Hancock Street was in the amount of $48,217.00; the second, at 102 Hancock Street, was in the amount of $56,810.00; and the third, at 3 Elm Street, was in the amount of $65,550.00. (Mortgage contracts, Ex. A to PHH Mot. to Dismiss [Docket Item 13-4]). The lender of all three mortgages was Fleet National Bank. (Id.) Plaintiff signed a "Family Rider" with the properties at 60 Hancock Street and a "Second Home Rider" with the other two properties. (Id.)

All three loans went into default in May of 2011. (Compl. [Docket Item 1] ¶¶ 9, 21, 32.) In June and August of 2011, Plaintiff received formal Notices of Intention to Foreclose on all three properties. The notices informed Plaintiff that she was in default of her loan and that if she did not cure the default within thirty days, "payment of the current principal balance will be accelerated and foreclosure proceedings will be initiated which will cause you to lose your home." (Exs. D, O, & W to PHDJ Mot. to Dismiss [Docket Items 12-1, 12-2, 12-3]) (emphasis added). Plaintiff alleges that she never received notice from Defendants that the three loans were accelerated, and also that Defendants never actually accelerated her debt. (Compl. ¶ 12 ("Upon information and belief no action or notice to accelerate was ever taken by defendant 2 and maturity expired to accelerate August 7 2011."); ¶ 25 ("defendant 1 initiated state debt

3

collection action against plaintiff requesting erroneous fees and charges without accelerating the alleged debt in question."); ¶ 34 ("Upon information and belief defendants never accelerated alleged debt and the action to accelerate matured.")).

In August and September of 2011, Fleet National Bank assigned Plaintiff's three mortgages to PHH. (Ex. B to PHH Mot. to Dismiss.) Less than a year later, in May, June, and July of 2012, PHH, through its legal counsel PHDJ, initiated foreclosure proceedings for each property. The cases were filed in the Superior Court of New Jersey, Chancery Division, Mercer County. Compl., PHH Mort. Corp. v. Hua, F-013693-12 (N.J. Super. Ct. Chanc. Div. July 9, 2012); Compl., PHH Mort. Corp. v. Hua, F-010614-12 (N.J. Super. Ct. Chanc. Div. May 31, 2012); PHH Mortg. Corp. v. Hua, F-010499-12 (N.J. Super. Ct. Chanc. Div. June 1, 2012). (Exs. E, P, & X to PHDJ Mot. to Dismiss.)

Plaintiff, through legal counsel Robert C. Leite, Esq., filed Answers in each case, alleging that PHH did not hold the mortgage on Plaintiff's property and did not have standing to foreclose. (Exs. F, Q, & Y to PHDJ Mot. to Dismiss.) PHH then moved for summary judgment, which Plaintiff did not oppose, and the court granted summary judgment in each case. (Palma Cert. to PHDJ Mot. to Dismiss [Docket Item 12] ¶¶ 8, 20, & 29; see, e.g., Ex. H to PHJD Mot. to Dismiss.) The court entered final judgment for one of the three properties, 102 Hancock Street, on February

4

4, 2014, ordering the sale of the property. (Ex. J to PHJD Mot. to Dismiss.)

Plaintiff filed the Complaint in the instant case in December of 2014, alleging that Defendants PHH and PHJD violated various provisions of the Fair Debt Collection Practices Act ("FDCPA").[2] She complains that she is "without knowledge of the alleged debt defendants purport to claim is owed" because Defendants are not the valid holders of the debt (Compl. ¶ 5), that Defendants falsely claimed that they were creditors as opposed to debt collectors (id. ¶ 64), that Defendants misrepresented the amount and legal status of the debt and attempted to collect unauthorized fees (id. ¶¶ 16-17, 25, 39, 45) and that Defendants never sent Plaintiff notice requesting payment of the debt in full, nor provided proof of the debt (id. ¶¶ 12, 24, 34, 47, 57). Plaintiff alleges violations of 15 U.S.C. § 1692g(b) (validation of debts) (Count One); 15 U.S.C. § 1692e(2), (10), & (12) (use of false, deceptive, or misleading representations in debt collection) (Counts Two, Four, and Six); 15 U.S.C. § 1692f(1) (unfair means to collect debt) (Count

---

[2] Plaintiff has also filed such suits against various lenders alleging violations of the FDCPA. See Hua v. Nationstar Mortgage LLC, No. 14-7801 (D.N.J.); Hua v. Deutsche Bank Nat'l Trust Co., No. 14-6766 (E.D. Pa.); Hua v. US Bank Nat'l Ass'n, 14-6767 (E.D. Pa.); Hua v. Deutsche Bank Nat'l, No. 13-5564 (E.D. Pa.); Hua v. JP Morgan Chase Bank NA, 14-2089 (M.D. Fla.).

Three); and 15 U.S.C. § 1692j (furnishing deceptive forms) (Count Five).

Defendants PHH and PHDJ have both moved to dismiss the Complaint, arguing that Plaintiff's claims are barred by the FDCPA's one-year statute of limitations; the Rooker-Feldman doctrine; New Jersey's entire controversy doctrine; and the litigation privilege. They argue that Plaintiff has failed to state a claim upon which relief may be granted, and PHH argues that it is not a debt collector under the FDCPA and Plaintiff's loans do not involve consumer debt. Plaintiff opposed both motions. She filed a Motion to Amend on March 20, 2015, 35 days after PHDJ filed its Motion to Dismiss and 29 days after PHH filed its Motion to Dismiss, but did not attach a Proposed Amended Complaint.

## III. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam).

A motion to dismiss may be granted only if a court concludes that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a

claim plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Although the court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). A plaintiff must plead sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," Twombly, 550 U.S. at 556, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678.

The Court exercises subject matter jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331.

## IV. DISCUSSION

### A.   The Fair Debt Collection Practices Act (FDCPA)

The Fair Debt Collection Practices Act (FDCPA) was enacted in 1977 to protect consumers from the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a), and provides consumers with a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k. Although the Act applies only to debt collectors, attorneys who regularly engage in debt collection activity, even when that activity consists of litigation, fall within the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 299 (1995).

7

A debt collector violates the FDCPA if he or she "use[s] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Prohibited practices include falsely representing the character, amount, or legal status of a debt, id. § 1692e(2)(A), using false representations or deceptive means to collect a debt, id. § 1692e(10), and falsely representing that accounts have been turned over to innocent purchasers for value, id. § 1692e(12). A debt collector also may not attempt to collect any amount that is not expressly authorized by the agreement created by the debt, 15 U.S.C. § 1692f(1), nor furnish any forms creating a false belief that a person other than the creditor is attempting to collect the debt, when no such person is participating. 15 U.S.C. § 1692j. The debt collector must provide verification of the debt if the consumer disputes the validity of the debt in writing. 15 U.S.C. § 1692g(b).

**B.   Plaintiff's claims are barred by the FDCPA's statute of limitations.**

Section 1692k(d) of the FDCPA provides that an "action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). An alleged violation arising out of a lawsuit filed to collect on a debt occurs either on the date the lawsuit is filed, Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997), or

8

on the date that the complaint is served upon the plaintiff,
Johnson v. Riddle, 305 F.3d 1107, 1113 (10th Cir. 2002).

Here, the alleged FDCPA violations that form the basis of
Plaintiff's case all occurred more than one year before Plaintiff
filed suit in December of 2014. Plaintiff alleges that PHH
violated § 1692g the FDCPA when it first began to send Plaintiff
notices, because it was not authorized to do so and also failed
to provide proof that it validly held Plaintiff's debt. 15 U.S.C.
§ 1692g states clearly that a validation notice must accompany or
follow a debt collector's "initial communication" with a
consumer. Even assuming that Plaintiff's Complaint makes out a
violation of § 1692g, the communication should have occurred in
the summer of 2011 shortly after Plaintiff defaulted on her
mortgages, three years before this action was filed. See Peterson
v. Portfolio Recovery Assocs. LLC, 430 Fed. App'x 112, 114-15 (3d
Cir. 2011) (holding that, with respect to a violation of § 1692g,
the statute of limitations should begin to run on the date notice
should have been provided following the debt collector's "initial
communication" with the debtor).

Plaintiff also alleges that PHH never accelerated the debt
and never sent a notice "requesting payment in full" before
seeking foreclosure. In essence, Plaintiff challenges the
sufficiency of Defendants' initial notice of default and
foreclosure, which Defendants sent to Plaintiffs in May of 2011.

To the extent these allegations make out a violation of the
FDCPA, they are also time-barred.

Finally, Plaintiff complains that the content of the
collection letters violated the FDCPA. She alleges generally that
the collection statements she received included unauthorized fees
and charges and contained deceptive representations about whether
PHH was a creditor or debt collector, in violation of various
provisions of § 1692e, § 1692f, and § 1692j. Again, these alleged
violations occurred well before December of 2013. Plaintiff
defaulted on her debt in May of 2011. Although Plaintiff's
Complaint contains very few specifics regarding the deceptive
collection statements, she does include two dates. First, she
states that Defendant PHH requested "erroneous amounts owed
including default interest and fees not authorized" back in
August 2011 with respect to the property at 3 Elm Street. (Compl.
¶ 39.) Plaintiff therefore appears to allege that the violations
began with the Notices of Intent to Foreclose, which were filed
in June and August of 2011 for each of the three properties, over
three years before Plaintiff filed suit in this Court.[3] She also
alleges that Defendants "initiated state debt collection action
against plaintiff requesting erroneous fees and charges" "[o]n or
about July 9th 2012." (Compl. ¶ 25.) In other words, she appears

---

[3] The Notices stated that PHH held the first purchase money
mortgage on Plaintiff's property, included the total amount due,
and informed Plaintiff that her debt would be accelerated if
payment was not received within 30 days.

to allege that the deceptive representations were also contained in Defendants' complaints seeking foreclosure, which were filed in the summer of 2012. None of the alleged conduct falls within the one-year statute of limitations.

Plaintiff's assertion that Defendants sent inaccurate financial statements as late as November of 2014 does not alter the statute of limitations analysis. The letters, attached to Plaintiff's Complaint, are actually monthly mortgage statements summarizing Plaintiff's account information and the debt that remains outstanding in her accounts. (Exs. B, E, & F to Compl.) Plaintiff has not pled with any specificity why the mortgage statements are inaccurate, or where the erroneous fees appear in the statement. Moreover, the letters concern an existing debt, the amount of which, according to Plaintiff herself, has been inaccurate since at least 2011 or 2012. "'New communications . . . concerning an old claim . . . [d]o not start a new period of limitations.'" Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326, 341 (D.N.J. 2009) (quoting Campos v. Brooksbank, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000)). The mortgage statements do not appear to contain new or additional erroneous charges, and do not constitute a new claim under the FDCPA which falls within the one-year statute of limitations. See Nutter v. Messerli & Kramer, P.A., 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007) (finding plaintiff's FDCPA claim barred by the statute of limitations

because bank statements that merely state the status of plaintiff's outstanding debt are "new communications concerning an old claim" and therefore relate back to the existence of the old debt).[4]

The Court will therefore grant Defendant's motion and dismiss Plaintiff's claims under the FDCPA.

### C.   Plaintiff's claims are also barred by the New Jersey Entire Controversy Doctrine

Although Plaintiff's claims are time-barred and must be dismissed, the Court additionally notes that New Jersey's entire controversy doctrine precludes this Court from considering Plaintiff's case.

The entire controversy doctrine, codified in Rule 4:30A of the New Jersey Court Rules, "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court . . . ." Cogdell v. Hosp. Ctr. at Orange, 560 A.2d 1169, 1172 (N.J. 1989).[5] The doctrine requires

---

[4] Plaintiff made the same argument in another case in this district, and it was recently rejected by the court. See Op. on Mot. to Dismiss [Docket Item 17], at *5-6, Hua v. Nationstar Mortgage LLC, No. 14-7801 (D.N.J. June 22, 2015) (finding plaintiff's FDCPA claims time-barred where the claims were based upon a dunning notice received well over a year before plaintiff filed her complaint, and rejecting the argument that defendant's application for final judgment in state foreclosure action restarted the statute of limitations, because "the new communication was for the old claim, not a new claim.").

[5] Rule 4:30A of the New Jersey Rules of Civil Procedure, provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of omitted claims to the extent required by the entire controversy doctrine . . . ." N.J. Ct. R. 4:30A.

litigants to assert all affirmative claims relating to the controversy between them in one action, and to join all parties with a material interest in the controversy, or be forever barred from bringing a subsequent action involving the same underlying facts. See Paramount Aviation Corp. v. Agusta, 178 F.3d 132 (3d Cir. 1999) (New Jersey's entire controversy doctrine "requires adversaries to join all possible claims stemming from an event or series of events in one suit."). The doctrine applies in federal courts where there was a previous state-court action involving the same transaction. See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997).[6]

The entire controversy doctrine applies to foreclosure proceedings, but extends only to "germane" counterclaims. N.J. Ct. R. 4:64-5 ("Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court."); see also In re Mullarkey, 536 F.3d 215, 228 (3d Cir. 2008). For example, courts in this district have held that a plaintiff's dispute over foreclosure fees arising out of a mortgage transaction which is the subject of the foreclosure action is "germane," and the claim must be asserted in the foreclosure

---

[6] The Third Circuit has described the New Jersey entire controversy doctrine as an "idiosyncratic" form of claim preclusion with a slightly broader scope, but the same basic elements as traditional claim preclusion. See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

action. See Oliver v. Am. Home Mortg. Servicing, Inc., No. 09-0001, 2009 WL 4129043, at *4 (D.N.J. Nov. 19, 2009).

Plaintiff's FDCPA claims are barred by the entire controversy doctrine.[7] The thrust of Plaintiff's complaint is that Defendants never accelerated Plaintiff's mortgage, failed to provide proper notice of acceleration, was not authorized to foreclose because the debt was not validly assigned to them, and sought unauthorized fees in the foreclosure. In other words, these claims go to whether Defendants had the right to foreclose on Plaintiff's debt, and if so, the amount of money owed, and as such, were highly germane to the foreclosure actions in state court. See Patrick v. Am.'s Serv. Co., No. 14-6563, 2015 WL 175967, at *3 (D.N.J. Apr. 17, 2005) (finding plaintiff's claims germane to state foreclosure proceedings because they were all premised on the allegation that Defendant unlawfully interfered with plaintiff's property interest in his home); Venner v. Bank of Am., No. 07-4040, 2009 WL 1416043, at *3 (D.N.J. May 19, 2009) (plaintiff's FDCPA claims were germane to the foreclosure action because they were based on the same alleged transaction).[8]

---

[7] Because summary judgment has been entered in favor of PHH Mortgage in all three properties, the Court finds the use of the entire controversy doctrine, which applies to final judgments, appropriate under these circumstances.

[8] Indeed, in the Answers filed in the foreclosure actions, Plaintiff had already asserted that Defendant failed to execute a valid assignment of the mortgage and was without standing to sue.

Moreover, the determinative consideration is whether the claims "arise from related facts or the same transaction or a series of transactions," Fields v. Thompson Printing Co., 363 F.3d 259, 265 (3d Cir. 2004) (citation omitted), and here, the dispute surrounding the validity of the foreclosures arise out the same facts and the same transactions as the state court claims. It is of no moment that Plaintiff now asserts a different set of claims under a new theory that Defendants engaged in deceptive and unfair debt collection practices. A controversy arising from a "core set of related factual circumstances" may contain different claims against different parties, but "[i]t is this commonality of facts, rather than the commonality of issues, parties or remedies that defines the scope of the controversy and implicates . . . the entire controversy doctrine." DiTrolio v. Antiles, 662 A.2d 494, 504 (N.J. 1995). The facts pertinent to this action, namely, Defendants' conduct in providing notice and seeking foreclosure, as well as Defendant's right to foreclose on plaintiff's three properties, arise directly out of the foreclosure of plaintiff's three properties, and are therefore part of that same controversy.

Thus, in addition to being barred by the FDCPA's statute of limitations, Plaintiff's claims are also barred by the New Jersey entire controversy doctrine. See Op. on Mot. to Dismiss [Docket Item 17], at *6-7, Hua v. Nationstar Mortgage LLC, No. 14-7801

(D.N.J. June 22, 2015) (finding plaintiffs' FDCPA claims barred by the New Jersey entire controversy doctrine because they could have been asserted in the contested foreclosure case rather than in a separate action).[9]

---

[9] PHH also argues that Plaintiff's case is barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Lance v. Dennis, 546 U.S. 459, 460 (2006) (quotations omitted). District courts are prohibited from reviewing proceedings "already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 169 (3d Cir. 2010) (quotations and citation omitted). The doctrine therefore applies in limited circumstances, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance, 546 U.S. at 466 (citation omitted). It has four requirements: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining, 615 F.3d at 166 (quotation omitted).

Plaintiff instituted this action in federal court after summary judgment was granted in all three foreclosure actions in state court. Her claims are barred by the Rooker-Feldman doctrine only to the extent that she seeks review of the foreclosure decision itself. Thus, Plaintiff's claims that PHH does not validly hold her debt cannot be decided by this Court, because that claim directly challenges the underlying adverse state court finding that PHH had the right to foreclose on Plaintiff's properties. In addition to challenging whether PHH was validly assigned Plaintiff's mortgage, however, Plaintiff challenges the methods and means employed by Defendants to collect Plaintiff's debt. Because those claims were not before the state court, they are not barred by Rooker-Feldman. See Conklin v. Anthou, 495 Fed. App'x 257, 262 (3d Cir. 2012) (plaintiff was barred by Rooker-Feldman from challenging adverse state-court mortgage judgment in federal court but was not barred from alleging that the methods and evidence employed during the foreclosure were the product of fraud or conspiracy); Giles v. Phelan, Hallinan & Schmieg, LLP, 901 F. Supp. 2d 509, 521-22 (D.N.J. 2012) (state foreclosure judgments did not bar plaintiff from bringing suit in federal court to challenge defendant's fraudulent practices in prosecuting foreclosure actions).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the motions to dismiss by PHDJ and PHH Mortgage. In addition, Plaintiff's Motion to Amend will be denied. Because Plaintiff's claims have already expired under the FDCPA's statute of limitations, any amendment of Plaintiff's Complaint would be futile.[10] The accompanying Order will be entered.


**September 29, 2015**                        **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge

---

[10] Federal Rule of Civil Procedure 15(a)(1) permits a plaintiff to amend her pleading as a matter of right 21 days after service of the pleading or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Because Plaintiff filed her more than 21 days after service of Defendants' Motions to Dismiss, she is not entitled to amend her Complaint as a matter of course, and amendment is permitted "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court may deny leave to amend if the amendment would be futile, meaning that the complaint, as amended, would fail to state a claim upon which relief could be granted. Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). In assessing "futility," the court applies the same standard of legal sufficiency as applies under Fed. R. Civ. P. 12(b)(6). Shane, 213 F.3d at 115.